# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN A. WARREN,

    Petitioner,

                                      Case No. 2:07-CV-12771

v.                                   Honorable Arthur J. Tarnow

RAYMOND BOOKER,

    Respondent,

_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

### I. Introduction

    Brian A. Warren, ("petitioner"), presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* application for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. The issue in this petition is in regard to Petitioner's 1989 conviction for possession of a dangerous weapon in Calhoun County. Subsequently, in 1995, Petitioner was convicted of (1) kidnapping, (2) two counts of criminal sexual conduct in the first degree, (3) homicide–felony murder, and (4) unlawfully driving away an automobile. He was sentenced to (1) thirty to sixty years imprisonment for the kidnapping, (2) thirty to sixty years imprisonment for the two counts of criminal sexual conduct in the first degree convictions, (3) life imprisonment, without parole, for the

homicide–felony murder conviction, and (4) three to five years imprisonment for the unlawfully driving away an automobile conviction. In this present petition, Petitioner contends that he did not become aware of his 1989 conviction until his sentencing for the 1995-above-named convictions. Petitioner states that the conviction, as outlined in his present habeas petition, was used to enhance the sentences that he is currently serving. For the reasons stated below, the instant petition is dismissed without prejudice.

## II. Discussion

Petitioner is challenging his 1989 conviction for possession of a dangerous weapon in Calhoun County. The instant application in which he seeks habeas relief is on the following ground:

> I. Petitioner has been deprived of his Sixth Amendment right to appeal and appointment of appellate counsel.

The petition must be dismissed without prejudice, because Petitioner has yet to exhaust his claim with the state courts.

A prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Therefore, a prisoner confined pursuant to a Michigan conviction

must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522, (1982); *Regan v. Hoffner,* 209 F. Supp. 2d at 710, n. 3.

Petitioner indirectly acknowledges that he has not exhausted his claim with the state courts, because he was not aware of the conviction until sentencing, but claims that any exhaustion should be waived because of the fact that he was never advised of his right to appeal or his right to the appointment of appellate counsel. Petitioner contends that he was on active duty in the army stationed in Wuerzburg, Germany, when the alleged conviction occurred.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unneccesary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

3

In this case, the failure of the state trial court to appoint counsel to assist petitioner with his appeal does not excuse Petitioner from attempting to exhaust the issues raised in this petition with the Michigan appellate courts. *See Pillette v. Foltz,* 824 F. 2d 494, 498 (6th Cir. 1987) (petitioner's failure to meet exhaustion requirement could not be excused on grounds of futility simply because the state trial court rejected petitioner's request for appointment of state counsel, where there was no indication that petitioner had filed for post-conviction relief or that the state court would refuse to consider such a motion).

A number of federal cases from other circuits have reached the same conclusion. *See Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983) (petitioner failed to exhaust his remedies with respect to the state trial court's denial of the appointment of appellate counsel, where petitioner could raise the issue by filing a new petition for Alternative Writ of Mandamus with the Oregon Supreme Court, or could also seek state post-conviction relief to raise this issue); *Reynolds v. Lockhart,* 497 F. 2d 314, 316-317 (8th Cir. 1974) (petitioner failed to exhaust his state court remedies with respect to his claim involving the denial of appellate counsel where the claim had not been presented to the state courts in state post-conviction proceedings); *In Re Joiner,* 58 F. 3d 143, 144 (5th Cir. 1995) (state inmate not excused from exhausting state court remedies prior to filing his federal habeas petition based upon the fact that the state court refused to appoint counsel to represent inmate in his state habeas case, as well as the alleged inadequacy of state remedies due to the inmate's inability to do a good job if he proceeded *pro se;* inmate was still required to make an effort to exhaust his state remedies on his own).

Petitioner has thus failed to show that it would be futile for him to attempt to exhaust his state court remedies, simply because he was denied the assistance of appellate counsel.

Petitioner may have an available state court remedy with which to exhaust his claim. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust his claim by filing a post-conviction motion for relief from judgment with the Calhoun County Circuit Court under M.C.R. 6.502.

### III. Order

The Court concludes that Petitioner has failed to fully exhaust state court remedies as to the claim presented in his federal habeas petition. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. The Court makes no determination as to the timeliness or merits of the petition.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: August 13, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR